

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
Howard H. Baker Jr. United States Courthouse
800 Market Street, Suite 130
Knoxville, Tennessee 37902
(865) 545-4228
*www.tned.uscourts.gov*

**LEANNA R. WILSON**　　　　　　　　　　　　　　　　　　　　**CHRISTOPHER FIELD**
Clerk of Court　　　　　　　　　　　　　　　　　　　　　　　　　Chief Deputy Clerk

November 17, 2021

*<u>Via First-Class Mail</u>*
Dean Thomas Howell
Woolf, McClane, Bright, Allen & Carpenter, PLLC
P O Box 900
900 S. Gay Street
Knoxville, TN 37901

James S MacDonald
Dunn, MacDonald & Reynolds, PC
6204 Baum Drive
Knoxville, TN 37919

　　　　Re:  *Hawkins v. Meditronic, Inc., et al.*, 3:11-cv-105

Dear Counsel:

　　　　I have been contacted by Judge R. Leon Jordan who presided over the above-referenced case.

　　　　Judge Jordan informed me that it has been brought to his attention that while he presided over the case, he owned stock in Medtronic, Inc.  His ownership of stock neither affected nor impacted his decisions in this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Jordan directed that I notify the parties of the conflict.

　　　　Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

[A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Jordan's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before December 1, 2021. Any response will be considered by another judge of this court without the participation of Judge Jordan.

Sincerely,

Christopher Field,
Chief Deputy Clerk